KINGSTON BITUMINOUS PRODUCTS CO., A CORPORATION, PROSECUTOR, v. CITY OF LONG BRANCH, AND TAR ASPHALT SERVICE, INC., A CORPORATION, DEFENDANTS.

Argued January 17, 1940—Decided April 12, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the prosecutor, *Samuel Koestler*.

For the defendant city of Long Branch, *Leo J. Warwick*.

For the defendant Tar Asphalt Service, Inc., *Samuel D. Hoffman*.

The opinion of the court was delivered by

PORTER, J. The writ of *certiorari* in this case brings up for review the proceedings of the Board of Commissioners, the governing body of the city of Long Branch, defendant, in awarding a contract to Tar Asphalt Service, Inc., defendant, for the furnishing of liquid asphalt road oil.

It appears that Long Branch advertised that at its meeting on July 25th, 1939, it would receive bids for furnishing of "Petrolastic" asphaltic liquid road oil or its equal, according to certain specifications and tests and that the same be accompanied with samples. Bids and samples were submitted by five bidders including the prosecutor and defendant Tar Asphalt Service, Inc., hereinafter called Tar Asphalt. The sample of the material submitted by the prosecutor was admittedly not according to the specifications and tests in three respects, *i. e.,* specific gravity, flash point (which we understand to be solubility under heat) and sulphur content. The bid was accordingly not opened but was returned to the prosecutor at the time of the meeting aforesaid. All of the other bids and samples were in compliance with the requirements and were duly opened and considered. That of Tar Asphalt being the lowest price bid a resolution of the said board was at a subsequent meeting, on August 4th, 1939, adopted awarding the contract to it in accordance with its bid. The rejected bid of prosecutor was for furnishing the oil at one and eighty-five hundredths of a cent ($0.0185) per gallon lower than the bid of Tar Asphalt. This fact was made known to the board at the said meeting of July 25th, 1939. It appears that the American Bitumuls Co. of Baltimore, Maryland, refines and markets an asphaltic liquid road oil under the trade name of "Petrolastic;" that Long Branch has been purchasing that product from Tar Asphalt and using it on its roads for several years with very satisfactory results. We think that it also appears, though disputed, that no mate-

rial such as was specified, especially as to the low sulphur content, was obtainable from oil refiners in this market other than the product of the said American Bitumuls Co. There was testimony, however, that crude oil was obtainable from numerous producers from which an oil equal to "Petrolastic" as to sulphur content could be refined. All of the samples submitted with the bids except that of prosecutor's were the product known as "Petrolastic."

It is the contention of the prosecutor that the specifications and tests were so arbitrary, stringent and severe as to prevent any bids being made on any material except "Petrolastic;" that no material conforming to the specifications and tests except "Petrolastic" were procurable; that therefore open competition was impossible and in violation of the provisions of R. S. 27:2-18. It is further argued that the requirements in the specifications and tests which the prosecutor failed to meet were of no consequence, not adding to the quality, durability or usability of the material for the use intended, but were inserted in bad faith for the purpose of barring all material except "Petrolastic."

After a careful consideration of the proofs we conclude that the prosecutor has failed to sustain his contentions.

There can be no doubt that the city desired to have "Petrolastic." That was its right. It has used it with satisfactory results for its peculiar needs and its engineer after considerable experience, study and tests recommended its continued use. Under the statute, *supra,* however, it was obliged in good faith to permit the furnishing of other material equal to it. The pertinent question presented, therefore, is whether in making its specifications and tests conform to "Petrolastic" under the existing conditions it was exercising good faith or whether it was not knowingly barring all other materials. The charge is also made by the prosecutor that the bidders were in collusion with each other. We find no proof of that nor any evidence from which such an inference could properly be drawn. The low sulphur content specified, not more than one and one-half per cent., seems to cause the most serious question of good faith. From the proofs it clearly appears that the effect of sulphur and of percentages thereof in liquid

asphalt road oil is a matter of sharp differences of opinion among experts on the subject. Some contend that sulphur is deleterious even in a small quantity while others take the opposite view and some a more middle ground. All give their experience and reasons for their opinions. In the face of this testimony it seems to us that the requirement limiting the sulphur content to a small percentage is a matter of judgment and well within the sound discretion of the city. It is pointed out that the specifications of the Federal Bureau of Roads and our State Highway Department do not so limit the sulphur content of this material, but even so the mere fact of a very stringent specification, even one not generally followed, will not of itself and in the absence of proof of fraud establish arbitrariness and bad faith.

In the absence of a clear showing of bad faith the court will not substitute its judgment on an administrative matter concerning the affairs of municipal government clearly within its province. *Blair* v. *Brady,* 11 *N. J. Mis. R.* 854; *Ziegler* v. *Hackensack,* 113 *N. J. L.* 215; *Cf. Newark et al.* v. *Bonnel,* 57 *Id.* 424; *Ryan* v. *Paterson,* 66 *Id.* 533; *Mueller* v. *Boulevard Commission,* 87 *Id.* 702; *Milner* v. *Trenton,* 80 *Id.* 253; *McGovern* v. *Board of Public Works,* 57 *Id.* 480; *Taggart* v. *Asbury Park,* 15 *N. J. Mis. R.* 10.

Having reached these conclusions it renders unnecessary the consideration of certain points raised by the defendants.

The writ will be dismissed, with costs.